IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                    Plaintiff,

       V.

JAMES HARPER,

                    Defendant.

ORDER

05-cr-138-bbc
10-cv-89-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant James Harper has filed a motion for post conviction relief pursuant to 28 U.S.C. § 2255, alleging that his sentence is illegal in two respects: 1) at sentencing that the district court relied on false testimony from Larry McGee to calculate the number of grams attributed to defendant for purposes of relevant conduct; and 2) on remand, the sentencing court abused its discretion and imposed an unreasonable sentence.

      As to his first claim concerning the court's reliance on allegedly false testimony by Larry McGee, the defendant is barred from raising this issue for two reasons.  First, he may not raise a claim that was raised on direct appeal.  Section 2255 motions cannot be used to re-litigate matters that were raised on appeal; the law of the case doctrine prevents

1

reargument. Varela v. United States, 481 F.3d 932, 935 (7th Cir. 2007). Second, even if he had not raised this claim on direct appeal, he would be foreclosed from raising it now because it is untimely. The court of appeals rejected his argument in its decision dated June 17, 2008. Defendant did not petition for a writ of certiorari. Therefore, his conviction became final and the one-year limitation period began to run when the 90-day time period expired for filing a petition for certiorari contesting the appellate court's affirmation of the conviction. Clay v. United States, 537 U.S. 522 (2003). His § 2255 motion is past the one year limitation period as it therefore untimely.

Defendant's second claim is that upon remand for resentencing under Kimbrough, 128 S. Ct. 558 (2007), the district court imposed an unreasonable sentence. This claim fails as well. Again, this claim was raised on direct appeal following remand and dismissed as frivolous. Under Varela, defendant is precluded from raising the issue again.

Defendant does not qualify for a certificate of appealability because no reasonable jurist would find that defendant's motion has any merit. Judges would not consider it debatable that defendant is precluded from asserting claims that were raised on direct appeal.

ORDER

IT IS ORDERED that defendant James Harper's motion for post conviction relief under 28 U.S.C. § 2255 is DENIED. No certificate of appealability will issue.

Entered this 5th day of March, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge